IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DEBRA A.,

                              Plaintiff,

                v.                                    Civil Action No.
                                                      1:19-CV-0465 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF:

DENNIS KENNY LAW OFFICE               JOSEPHINE GOTTESMAN, ESQ.
288 N. Plank Road
Newburgh, NY 12550

FOR DEFENDANT:

HON. GRANT C. JAQUITH                 CHRISTOPHER L. POTTER, ESQ.
United States Attorney for the        Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Acting Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on April 28, 2020, during a telephone conference, held on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

ORDERED, as follows:

1)    Plaintiff's motion for judgment on the pleadings is GRANTED.

2)    The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3)    The matter is hereby REMANDED to the Commissioner, with a directed finding of disability, for the purpose of calculating benefits owing to the plaintiff.

4)    The clerk is directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:   May 6, 2020
         Syracuse, New York

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DEBRA J. A.,

                         Plaintiff,

vs.                                          1:19-CV-465

Commissioner of Social Security,

                         Defendant.
------------------------------------------------------x

                 *DECISION* - April 28, 2020

        James Hanley Federal Building, Syracuse, New York

              HONORABLE DAVID E. PEEBLES

         United States Magistrate Judge, Presiding



                  APPEARANCES (by telephone)

For Plaintiff:      DENNIS KENNY LAW
                    Attorneys at Law
                    288 North Plank Road
                    Newburgh, NY 12550
                      BY:  JOSEPHINE GOTTESMAN, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    15 New Sudbury Street
                    Boston, MA 02203
                      BY:  CHRISTOPHER LEWIS POTTER, ESQ.




                 *Eileen McDonough, RPR, CRR*
            *Official United States Court Reporter*
                     *P.O. Box 7367*
                 *Syracuse, New York 13261*
                     *(315)234-8546*

THE COURT:  All right.  Let me thank counsel for
excellent presentations, both in writing and orally.  This is
an interesting case and somewhat out of the ordinary.  The
background of the case is as follows.

Plaintiff commenced this action pursuant to 42,
United States Code, Sections 405(g) and 1383(c)(3)
challenging a determination by the Commissioner finding that
plaintiff was not disabled at the relevant times and,
therefore, ineligible for Social Security benefits.

The plaintiff is a relatively poor historian and so
it is somewhat difficult from the record to determine
precisely some of the background facts.  Plaintiff was born
in April of 1961.  She is currently 59 years old.  She was 43
years of age at the alleged onset date of July 3, 2014.

Plaintiff stands 5-foot 6-inches in height and
weighs 147 pounds.  Plaintiff lives in an apartment in
Ellenville, New York, with a partner, as well as two dogs and
one cat.  She apparently is still legally married to her
husband but separated.  Plaintiff has an eleventh grade
education, did not achieve a GED.  Plaintiff is able to
drive.

In terms of her past work, plaintiff worked as a
cleaner and a housekeeper for the Town of Rochester part time
from 2002 to 2006.  In 2008 she worked as a bus cleaner.  It
was a position characterized by the vocational expert as an

industrial cleaner.  She was injured when she slipped off of a bus.  She also worked for three weeks on an assembly line.

Physically, plaintiff suffers from several diagnosed conditions; including diabetes; degenerative disc disease of the lumbar spine; Meniere's disease, for which she receives shots or injections every three months; vertigo and dizziness; COPD; sinus headaches; hypothyroidism; and asthma. She also complains of pain in her arms, back and down to her feet.

Mentally, plaintiff has been variously diagnosed as suffering from bipolar disorder, a history of cannabis abuse and alcohol abuse and dependency, and alcohol-induced dementia.  That latter diagnosis appears variously in the record, including at page 2906 of the Administrative Transcript.

Plaintiff has seen several physicians, including Dr. Steven Parnes from the Albany Medical Center for her ENT needs.  In terms of her mental and psychological needs, she has seen FNP Vanessa Tocco-Stevens and PMHNP Trissa Adams.

Plaintiff was hospitalized on several occasions, including in January 2016 for confusion and symptomatic hypo-natremia.  She was hospitalized involuntarily in March of 2016 with an unspecified psychosis.  She was diagnosed as having a GAF of 55, a Global Assessment of Functioning Score, upon discharge.  She was hospitalized again in November of

*Decision - 4/28/2020 - 19-cv-465*                    4

2016 with auditory hallucinations and suicidal ideations, and
was again hospitalized in May of 2017.

In terms of medications plaintiff has been
prescribed Librium, Seroquel, Risperdal, Haldol, Synthroid,
Hydrocodone in the past, Meclizine, Aleve, Prolixin,
Cogentin, and Meloxicam.

Plaintiff has fairly significant activities of
daily living. She is able to dress, shower and groom
herself. She does laundry. She does some cleaning with
help, does watch television. She plays computer games and
goes out some.

Plaintiff is a smoker. In 2014 it was indicated at
page 69 of the Administrative Transcript she smoked twelve
cigarettes per day but was previously a heavier smoker. In
2018, according to page 121 of the Administrative Transcript,
she smoked five cigarettes per day.

Procedurally, plaintiff applied for Title II and
Title XVI benefits on June 2, 2016. It was noted that a
prior application for benefits was denied on July 2, 2014.
In her current applications she alleged a disability onset
date of the day after that denial of July 3, 2014. She
claims disability based on Meniere's Disease, COPD, back
problems, peptic ulcer disease, and psychiatric and
psychological problems. That's at page 315 of the
Administrative Transcript.

A hearing was conducted on March 14, 2018 by
Administrative Law Judge Kieran McCormack to address
plaintiff's application.  ALJ McCormack issued an unfavorable
decision on May 9, 2018 that became a final determination of
the Agency on February 20, 2019 when the Social Security
Administration Appeals Council denied plaintiff's application
for review.  This action was commenced on April 20, 2019 and
is timely.

In his decision ALJ McCormack applied the
sequential five-step test for determining disability, as
modified to address cases involving DAA, or drug and alcohol
abuse -- drug addiction and alcoholism, I should say.

At step one, initially he noted that there was no
substantial gainful activity reflected in the record from
July 3, 2014 forward.

At step two, considering plaintiff's DAA, ALJ
McCormack concluded that plaintiff suffers from degenerative
disc disease of the lumbar spine, Meniere's disease, vertigo,
COPD, bipolar disorder, cannabis abuse, alcohol dependence,
and alcohol-induced dementia.

At step three, relying heavily upon the report of
NP Adams and NP Tocco-Stevens, the Administrative Law Judge
concluded that plaintiff's condition does meet or medically
equal the listed presumptively disabling conditions set forth
in the Commissioner's regulations, and therefore a finding of

disability would be required.

Proceeding to the second prong of considering plaintiff's condition absent DAA, the Administrative Law Judge concluded that if claimant stopped the substance use, and, specifically, alcohol dependence and induced dementia, the claimant would not have an impairment or combination of impairments meeting or equaling any of the listed presumptively disabling conditions set forth in the regulations, and found that the remaining severe impairments imposing more than minimal limitations on the ability to perform basic work functions did not specify what those remaining impairments were.  Presumptively there would be other impairments listed at step two initially, which would be the degenerative disc disease of the lumbar disease, Meniere's disease, vertigo, COPD and bipolar disorder.

The Administrative Law Judge went on to formulate a residual functional capacity in the absence of DAA, which had both physical limitations and mental limitations.  He found that she has the exertional ability to perform medium work, again with limitations physically and mentally.

At step four the Administrative Law Judge found that plaintiff is incapable of performing her past relevant work as an industrial cleaner even absent the effects of DAA.

And at step five he concluded, with the assistance of opinions from a vocational expert, that without the

effects of DAA, plaintiff could work as a food service worker, a dishwasher and an order filler.

In this case I apply an extremely deferential standard.  I must determine whether correct legal principles were applied and the resulting determination is supported by substantial evidence, which, of course, is defined as such relevant evidence as a reasonable mind would find sufficient to support a finding of fact.

The analysis in here is controlled by the statute related to DAA.  Under 42 U.S.C. Section 1382c(a)(3)(J), the regulations provide that, "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled."

The seminal case of course in this circuit is *Cage versus Commissioner of Social Security*, reported at 692 F.3d 118 from the Second Circuit 2012.  In that case the Second Circuit noted that, quote, "When there is medical evidence of an applicant's drug or alcohol abuse, the disability inquiry does not end with the five-step analysis."  The Court went on to note that instead under the Contract with Advancement Act adopted by Congress in 1996, "an individual shall not be considered to be disabled if alcoholism or drug addiction would be a contributing factor material to the Commissioner's

determination that the individual is disabled."

Under this analysis and under *Cage*, the critical issue is whether the plaintiff would still be disabled if he or she stopped using drugs or alcohol; it is not whether the plaintiff would be disabled if he or she never abused drugs or alcohol, as the Administrative Law Judge in this case seems to have believed.  I note that the burden of demonstrating that substance abuse is not a contributing factor material to the disability determination does rest with the claimant.

As plaintiff has argued, the analysis is the subject of Social Security Ruling SSR 13-2p promulgated in February of 2013.  So the issue here is whether plaintiff when she stopped abusing alcohol would nonetheless be disabled.  SSR 13-2p notes that there are different scenarios where a plaintiff can remain disabled.  The step five determination, this is under *7 of the Westlaw version of SSR 13-2p, requires consideration of whether the DAA caused or affected the claimant's other medical impairments.  And there are different scenarios, but one of the scenarios is the following:  "The claimant's DAA medically caused the other disabling impairments, but the other impairments is or are irreversible or could not improve to the point of non-disability in the absence of DAA.  Examples of such impairments could include peripheral neuropathy, permanent

encephalopathy, cirrhosis of the liver, substance-induced
persisting dementia, and substance-induced persisting
amnestic disorder that result from long-term alcohol or drug
use." So the ruling recognizes that DAA can cause
substance-induced persisting dementia that extends beyond the
beginning of sobriety.

        In this case we know what plaintiff's condition was
two years after the beginning of sobriety. The
Administrative Law Judge found at page 30 that the plaintiff
had been sober since December of 2015. More than two years
later Nurse Practitioner Trissa Adams rendered an opinion and
at page 2893 indicated that plaintiff has no useful ability
to function in the area of maintaining attention for a
two-hour segment, and also in the area of completing a normal
workday and workweek without interruptions from
psychologically based symptoms, and perform at a consistent
pace without an unreasonable number and length of rest
periods. There are also four areas in which she is deemed
unable to meet competitive standards, and three more where
she is seriously limited but not precluded.

        The Administrative Law Judge gave great weight to
this opinion. There is absolutely nothing in the record to
suggest that the opinion was rendered to assume that
plaintiff was continuing in her drug and alcohol abuse, which
of course was not the fact. The opinion concerning schedule

and the ability to maintain a schedule and maintain an on task approach to work is supported by FNP Tocco-Stevens at page 2900 of the Administrative Transcript.  Both of these opinions were given great weight, and based on those opinions the Administrative Law Judge concluded that plaintiff's condition meets or equals the listed presumptively disabling conditions.

I think the key here is that the Administrative Law Judge did not recognize the alcohol-induced dementia and specifically determined that, and I'm looking at page 34, "If the claimant stopped the substance abuse, specifically the alcohol dependence and alcohol-induced dementia, the claimant would be unable to perform past relevant work."  So clearly the Administrative Law Judge discounted the alcohol-induced dementia which persisted two years after plaintiff began a period of sobriety.  And it appears to me quite obvious and evident that the Administrative Law Judge erred, and instead of determining what claimant's condition would be if she ceased DAA, he instead thought the focus was what would her condition be if she had never experienced DAA.  That's, of course, not the relevant consideration under SSR 13-2p and the regulation that we've been discussing.

The finding of materiality, in sum and substance, is not supported by substantial evidence.  The determination that plaintiff did not meet or equal listings 12.02 and 12.04

*Decision - 4/28/2020 - 19-cv-465*

without DAA is not supported by substantial evidence.  The
Administrative Law Judge concluded based on those two reports
of the nurse practitioners that plaintiff would be disabled
if she experienced the limitations set forth in those
reports.  And so I find not only that the Commissioner's
determination was error and should be vacated, but also I
find persuasive evidence of disability based upon those two
reports which the Administrative Law Judge gave great weight
to.

        So I will grant judgment on the pleadings to the
plaintiff with a directed finding of disability, and I will
remand the matter solely for the calculation of benefits.

        Thank you both for excellent presentations and I
hope you stay safe in this interesting environment.

                *               *               *

C E R T I F I C A T I O N

        I, EILEEN MCDONOUGH, RPR, CRR, Federal Official
Realtime Court Reporter, in and for the United States
District Court for the Northern District of New York,
do hereby certify that pursuant to Section 753, Title 28,
United States Code, that the foregoing is a true and correct
transcript of the stenographically reported proceedings held
in the above-entitled matter and that the transcript page
format is in conformance with the regulations of the
Judicial Conference of the United States.


                            _____

                            EILEEN MCDONOUGH, RPR, CRR
                            Federal Official Court Reporter